IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50308
Conference Calendar

_____


BASIL UZOMA ONYIDO,

                                        Petitioner-Appellant,

versus

LUIS GARCIA, District Director,
Immigration and Naturalization Service,

                                        Respondent-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-97-CV-402-H
- - - - - - - - - -

August 18, 1998

Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     Basil Uzoma Onyido appeals the district court's order
dismissing for lack of jurisdiction his habeas petition.  Onyido
challenges his detention order and also, for the first time on
appeal, challenges his deportation order.  The appellee moves to
dismiss the appeal for lack of jurisdiction.

     Under the Immigration and Naturalization Act, a federal
court may not review an order of deportation until the alien has
exhausted all applicable administrative remedies.  8 U.S.C.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1105a(c). The exhaustion requirement is statutorily mandated, and is jurisdictional. <u>Townsend v. United States Dep't of Justice INS</u>, 799 F.2d 179, 181 (5th Cir. 1986). Because Onyido has not exhausted his administrative remedies with regard to the challenge to his deportation order, this court lacks jurisdiction to review this issue.

The amendments to the immigration laws, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996) and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009., have significantly curtailed this court's jurisdiction over immigration cases. <u>See</u> <u>Witter v. INS</u>, 113 F.3d 549, 552 n.4 (5th Cir. 1997). 8 U.S.C. § 1226(e), as amended by IIRIRA, precludes federal-court jurisdiction to review the Attorney General's discretionary determinations over an alien's custody status. The effective date of IIRIRA is April 1, 1997. <u>See</u> IIRIRA § 303(b)(1), 309(a). AEDPA provisions relating to immigration are retroactive. <u>See</u> <u>Okoro v. INS</u>, 125 F.3d 920, 923-24 (5th Cir. 1997); <u>Mendez-Rosas v. INS</u>, 87 F.3d 672, 676 (5th Cir. 1996), <u>cert. denied</u>, 117 S. Ct. 694 (1997).

Onyido filed his habeas petition on September 30, 1997 -- after the effective date of § 1226(e). Thus, the district court did not err in finding that it lacked jurisdiction over Onyido's detention order. Likewise, this court lacks jurisdiction to review this issue.

Onyido has also filed a motion for an emergency injunctive release order, a motion for oral argument, a motion for expedited

ruling, a motion to file a supplemental brief, and a motion for a conference.  In light of the dismissal of Onyido's appeal for lack of jurisdiction, his motions are DENIED.  The appellee's motion to dismiss the appeal is GRANTED.

APPEAL DISMISSED FOR LACK OF JURISDICTION.